# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD O. DRISTER,<br><br>       Petitioner,<br><br>    v.<br><br>M. ARVIZA,<br><br>       Respondent. | Case No. 1:23-cv-01109-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Leonard O. Drister is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As Petitioner's statutory claims cannot be brought pursuant to 28 U.S.C. § 2241, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

## I.

## BACKGROUND

Petitioner is currently incarcerated at the Federal Correctional Institution in Mendota, California. (ECF No. 1 at 1.)[1] In the instant federal petition for writ of habeas corpus, Petitioner challenges the sentence imposed by the United States District Court for the Southern District of Ohio, asserting that he is actually innocent in light of intervening Supreme Court decisions Descamps v. United States, 570 U.S. 254 (2013), and Mathis v. United States, 136 S. Ct. 2243 (2016). (ECF No. 1 at 1, 6–7.)

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

## II.

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). The Ninth Circuit has "consistently held that 'motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court.'" Pinson v. Carvajal, 69 F.4th 1059, 2023 WL 3876485, at *6 (9th Cir. 2023) (quoting Hernandez, 204 F.3d at 864). "Thus, in order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." Hernandez, 204 F.3d at 865.

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted). Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255(e).

In a recent decision, the Supreme Court held "that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." Jones v. Hendrix, 143 S. Ct. 1857, 1864 (2023).

> Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences. The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all.

Jones, 143 S. Ct. at 1869.

///

1    Here, Petitioner has filed a § 2241 petition pursuant to the savings clause in light of
2 Descamps v. United States, 570 U.S. 254 (2013), and Mathis v. United States, 579 U.S. 500
3 (2016). In Descamps, the Supreme Court "granted certiorari to resolve a Circuit split on whether
4 the modified categorical approach applies to statutes like § 459 that contain a single, 'indivisible'
5 set of elements sweeping more broadly than the corresponding generic offense." 570 U.S. at 260.
6 In Mathis, the question was whether the Armed Career Criminal Act, 18 U.S.C. § 924(e), "makes
7 an exception to that rule when a defendant is convicted under a statute that lists multiple,
8 alternative means of satisfying one (or more) of its elements." 579 U.S. at 503. Both Descamps
9 and Mathis concern issues of statutory interpretation. Accordingly, the Court finds that Jones
10 precludes Petitioner from bringing statutory Descamps and Mathis claims in a § 2241 petition
11 pursuant to the savings clause. See Jones, 143 S. Ct. at 1864 (Section "2255(e)'s saving clause
12 does not permit a prisoner asserting an intervening change in statutory interpretation to
13 circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241
14 petition.").[2]

### III.

### RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for lack of jurisdiction.

Further, the Clerk of Court is DIRECTED to randomly ASSIGN a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be

---

[2] This conclusion does not prevent Petitioner from attempting to pursue his claims in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed in the sentencing court. The Court expresses no opinion as to the merits of Petitioner's claims or whether the jurisdictional and procedural requirements for such a § 2255 motion are satisfied.

captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 18, 2023**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE